An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 24-800

Filed 3 September 2025

Union County, Nos. 21CRS053505-890, 21CRS053506-890, 21CRS053507-890

STATE OF NORTH CAROLINA

v.

RICHARD THOMAS HORNE, Defendant.

Appeal by defendant from judgment entered on 10 October 2023 by Judge Michael A. Stone in Union County Superior Court. Heard in the Court of Appeals 13 August 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Megan Shook, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Sterling Rozear, for defendant-appellant.*

DILLON, Chief Judge.

Defendant Richard T. Horne appeals from judgment entered by the trial court upon a jury verdict convicting him of three counts of taking indecent liberties with a child. Defendant argues that the trial court plainly erred by allowing a witness for the State who had examined the victim to impermissibly vouch for the credibility of

the victim. For the reasoning below, we conclude Defendant received a fair trial, free of reversible error.

## I. Background

On 1 June 2020, Defendant was indicted for several sex crimes including three counts of taking indecent liberties with a child based on alleged abuse of his minor daughter, Mary.[1]

In 2001, Defendant got married. He and his wife ("Mother") parented three children, including Mary, who was born in 2005. In 2014, Defendant and Mother separated and later divorced.

In 2021, Mother remarried, and she and Mary moved in with her new husband.

In July 2021, Mother discovered text messages from Mary's iPod in which Mary revealed to a friend that Defendant "had been sexually abusing [her] since [she] was like in pre-K." Mother contacted law enforcement, turning over the iPod as evidence. The following week, Taylor Helms, the director of child advocacy and sexual assault services at Turning Point's Treehouse Children's Advocacy Center in Union County, conducted a forensic interview of Mary and her two siblings.

At trial, the State's evidence included Mary's testimony. Mary testified that Defendant first sexually abused her when she was between three and four years old, recalling certain details of the abuse including the type of flavored lubricant

---

[1] A pseudonym.

Defendant used. Mary also testified regarding other incidents of abuse when she was about nine to ten years old and between eleven to twelve years old.

The jury convicted Defendant of three counts of taking indecent liberties with a child. The trial court sentenced Defendant to a term of imprisonment consistent with the jury's verdict. Defendant appeals.

## II. Analysis

On appeal, Defendant argues that the trial court committed plain error by permitting Ms. Helms to vouch for Mary's credibility. Specifically, Defendant points to the following portions of Ms. Helms's testimony:

-Helms defined her use of the term "disclosure" as the "child['s] report[] that something has happened or if they've experienced some form of abuse or something like that."

-Helms stated that Mary had "made a disclosure during the forensic interview."

-Helms stated that neither of Mary's siblings had "made a disclosure."

-When asked "when you refer to a disclosure, you're referring to sexual or physical abuse," Ms. Helms responded, "Right, neither one of them disclosed physical or sexual abuse that they experienced."

Defendant failed to object to the testimony at trial, and thus, the issue is reviewed for plain error. N.C. R. App. P. 10(a)(4). Our Supreme Court recently reiterated that a defendant mounting a challenge on appeal based on plain error must show three things: "First, . . . that a fundamental error occurred at trial. Second, . . . that the error had a 'probable impact' on the outcome . . . [.] Finally, . . . that the

error seriously affects 'the fairness, integrity or public reputation of judicial proceedings." ' *State v. Reber*, 386 N.C. 153, 158 (2024).

Our Supreme Court has held that an expert's use of the word "disclosure," standing alone does not constitute plain error:

> An expert witness's use of the word "disclose," standing alone, does not constitute impermissible vouching as to the credibility of a victim of child sex abuse, regardless of how frequently used, and indicates nothing more than that a particular statement was made. Thus, we conclude that the trial court did not err by allowing the State's witnesses to use the term "disclose" and there is no plain error.

*State v. Betts*, 377 N.C. 519, 525 (2021). Of course, if an expert testifies that an alleged victim has indeed been abused, absent physical evidence, such testimony may be plain error where the testimony was not objected to. *See, e.g., State v. Clark*, 380 N.C. 204, 213 (2022) (holding that permitting an expert "to testify that [the alleged child victim] was 'sexually assaulted' in the absence of definitive physical evidence, . . . constituted plain error").

After careful review of Ms. Helms's testimony in its entirety, we agree with the State that by using the word "disclosure", Ms. Helms was not opining that Mary, in fact, had been abused. Rather, Ms. Helms was merely referring to what Mary had reported to her. We, therefore, conclude the trial court had no duty to intervene *sua sponte* during Ms. Helms's testimony. *See State v. Fortee*, 360 N.C. 427, 441 (2006) (in reviewing whether the admission of testimony without objection amounted to

plain error, our Supreme Court described any such error as having to be "error by the trial court"); *State v. Waddell*, 351 N.C. 413, 419 (2000) (same).

III.     Conclusion

We hold Defendant received a fair trial, free of reversible error.

NO ERROR.

Judges COLLINS and WOOD concur.

Report per Rule 30(e).